UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRENT HERRMANN

    VERSUS                                         DIVISION:

GUARDIAN HOME HEALTH              MAGISTRATE:

CARE OF LOUISIANA, INC.              CIVIL ACTION NO:

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Brent Herrmann, a person of the full age of majority and a resident and domiciliary of Gretna, Louisiana who respectfully represents as follows:

## JURISDICTION

1.

This court has federal question jurisdiction as this matter arises under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*, and has ancillary and/or supplementary jurisdiction over plaintiff's state law claims.

## VENUE

2.

Venue is proper herein as Plaintiff is a resident and domiciliary of the Eastern District of Louisiana and at all times relevant herein worked for Defendant within the Eastern District.

## PARTIES

3.

Made defendant herein is Guardian Home Health Care of Louisiana, Inc. (hereinafter referred to as "Guardian"), a Louisiana corporation with its principal place of business in Metairie, Louisiana who at all times herein was an "employer" as that term is defined under the Fair Labor Standards Act (hereinafter the "FLSA") and under the Louisiana Wage Payment Act (La. R.S. 23:631 *et seq*).

## FACTS

4.

Defendant Guardian is in the home health care business and as such is engaged in interstate commerce and/or its employees are engaged in interstate commerce, including its operations within the eastern District of Louisiana.

5.

Plaintiff was employed by Defendant Guardian in a clerical non-exempt position from approximately May 2009 through December 2010.

6.

Plaintiff was paid on an hourly basis by Defendant Guardian. Initially plaintiff was paid $11 per hour but he received a raise at some point, increasing his hourly wage to $15 per hour.

7.

Plaintiff worked in excess of 40 hours per week in many weeks while working for defendant and his time sheets and check stubs reflect his hours of work. However, when Plaintiff

worked in excess of 40 hours per week he was not paid at an overtime rate of time and a half, but was instead paid his straight time hourly rate by Defendant Guardian.

8.

Plaintiff complained to Defendant Guardian about its' pay practices, and in particular the failure to pay a proper overtime rate, but when his complaint was not addressed, he immediately went to the Department of Labor and lodged a complaint. The Department of Labor, in Plaintiff's presence, called Defendant Guardian to inquire about its pay practice.

9.

Plaintiff was terminated from his job with Defendant Guardian two days after he complained to the Department of Labor.

10.

Plaintiff made amicable demand on Defendant Guardian to pay him the proper overtime rate for the hours he worked in excess of 40 in the weeks in question. Defendant Guardian still refused to pay him.

11.

Upon information and belief Defendant Guardian has previously been investigated by the Department of Labor for potential wage and hour violations and is familiar with the requirements of the FLSA including the overtime pay requirements.

12.

At all times in refusing to pay plaintiff properly Defendant Guardian was in bad faith and knew or should have known that it was in violation of the FLSA.

### FIRST CLAIM FOR RELIEF: FLSA VIOLATION

13.

Plaintiff reiterates all the allegations of paragraphs 1-12.

14.

Defendant Guardian failed to pay plaintiff at a time and a half rate when he worked in excess of 40 hours in a workweek.

15.

Defendant's actions in failing to pay plaintiff the proper overtime rate violated the FLSA.

16.

Defendant Guardian is liable to plaintiff for half (1/2) time at his regular rate of pay for every hour worked in excess of 40 per work week.

17.

At all times herein Defendant Guardian was in bad faith and as such is liable to plaintiff for liquidated damages in an amount equal to his underlying overtime wage claim.

18.

Defendant Guardian is also liable to plaintiff under the FLSA for all costs and attorney fees associated with having to bring this action.

**SECOND CLAIM FOR RELIEF: RETALIATION**

19.

Plaintiff reiterates the allegations of paragraphs 1-17.

20.

Defendant Guardian terminated Plaintiff in retaliation for him engaging in the protected activity of complaining to Defendant about its pay practices, as well as complaining formally to the Department of Labor about Defendant's pay practices.

21.

There is a causal connection between Plaintiff's complaints and his termination which occurred two days after he went to the Department of Labor and lodged a complaint.

22.

Defendant is, therefore, liable to Plaintiff for back pay from the date of his termination through the date of trial as well as costs and attorney's fees associated with this retaliation claim.

**THIRD CLAIM FOR RELIEF: LOUISIANA WAGE PAYMENT ACT**

23.

Plaintiff reiterates the allegations of paragraphs 1-11.

24.

Plaintiff made amicable demand for payment of his final wages which demand Defendant denied.

25.

Defendant is, therefore, liable to Plaintiff under La. R.S. 23:631 *et seq* for the wages due, plus ninety (90) days penalty wages, attorney's fees and costs.

**WHEREFORE**, Plaintiff Brent Herrmann prays that his Complaint be deemed good and sufficient and after due proceedings there be judgment in his favor against Defendant Guardian Home Health Care of Louisiana Inc., for overtime wages owed, liquidated damages, penalty wages, attorney's fees and costs as well as all other general and equitable relief.

/s/ Luz M. Molina

LUZ M. MOLINA (LSBN 09539)
Stuart H. Smith Law Clinic and
Center for Social Justice
7214 St. Charles Ave., Campus Box 902
New Orleans, LA 70118
Telephone: (504) 861-5598
Facsimile:  (504) 861-5532